UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF CARPENTERS
PENSION TRUST FUND - DETROIT
AND VICINITY,,

        Plaintiff,

vs.

        Case No. 08-CV-14968

        HON. GEORGE CARAM STEEH

SHAMROCK FLOORCOVERING
SERVICES, INC.,

        Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. #9]

      This case arises out of plaintiff Carpenters Pension Trust Fund - Detroit and Vicinity's ("the Pension Fund") attempt to collect withdrawal liability payments owed by defendant Shamrock Floorcovering Services Inc. ("Shamrock"). The Pension Fund is a multiemployer defined benefit pension plan. Withdrawal liability is assessed by defined benefit pension funds to employers whose obligation to contribute to that pension fund has terminated. Withdrawal liability is the employer's share of unfunded vested benefits.

      Generally, a defined benefit pension fund's assessment of withdrawal liability against an employer is presumed correct and payments become due and owing in accordance with the schedule provided to the employer by the pension fund. 29 U.S.C. § 1399(c). If the employer files a timely demand for arbitration, any questions regarding the assessment are resolved by the arbitrator. 29 U.S.C. § 1401.

Shamrock was an employer contributing to the Pension Fund until it terminated its collective bargaining agreement and therefore its obligation to contribute to the plan during the plan year beginning May 1, 2003.  The Pension Fund sent Shamrock a payment schedule, showing that $18,240.00 was owed for withdrawal liability.  The demand letter was sent on May 30, 2008 to Shamrock's registered address of 4454 Concourse Drive, Ann Arbor, MI 48108.  Shamrock did not request arbitration of its withdrawal liability assessment.  Shamrock has made none of the required payments under the payment schedule.

The Pension Fund filed this motion for summary judgment, asserting its position that there is no issue of material fact with regard to the liability of Shamrock, and that Shamrock lacks a defense to the withdrawal liability assessment even if it had requested arbitration.  Shamrock did not respond to the Pension Fund's motion for summary judgment.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

ANALYSIS

ERISA contains a specific procedure that must be followed to challenge a withdrawal liability assessment. After an employer receives notice of an assessment, the employer may ask the pension fund to review any specific matter relating to the determination of liability. 29 U.S.C. § 1399(b)(1). If not satisfied with the result, the employer must request arbitration within 60 days of the time the matter is reviewed by the pension fund. 29 U.S.C. § 1401(a)(1). If no response to the request for review is received, arbitration must be demanded within 120 days of the request for review. 29 U.S.C. § 1401(a)(1).

Shamrock did not ever request review or arbitration. The Pension Fund initiated this action on December 1, 2008, more than 180 days after the initial demand. In the Answer to the Complaint, Shamrock contests the withdrawal liability assessment for the first time. "Where the time to seek arbitration has expired, the 'employer' cannot raise any defenses that would otherwise have been subject to arbitration." Central States, Southeast & Southwest Areas Pension Fund v. Melody Farms, 969 F. Supp. 1034, 1044 (E. D. Mich. 1997) (citation omitted).

CONCLUSION

Plaintiff's motion for summary judgment is GRANTED. Judgment against Shamrock will enter in the amount of $18,240.00 plus costs and attorney fees. All companies within Shamrock's controlled group are jointly and severally liable for such judgment. The Court will retain jurisdiction over this matter to allow amendment of the

judgment to include any such companies later discovered.

Dated: May 20, 2009

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 20, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---